UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini, U.S.D.J. |
| v. | : | Crim. No. 15-132 (WJM) |
| GABRIEL TORO, | : | CONSENT PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | : | <u>(FINAL AS TO THE DEFENDANT)</u> |

WHEREAS, on or about March 17, 2015, defendant Gabriel Toro pleaded guilty pursuant to a plea agreement with the United States to a one-count Information (the "Information"), which charged the defendant with Online Enticement of a Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b) (Count One);

WHEREAS, as part of his plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 2428 and the procedures set forth in 21 U.S.C. § 853, which are incorporated by reference in 28 U.S.C. § 2461(c), all of his right, title and interest in all property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense charged in Count One, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, all right, title and interest of the defendant in the following: all property listed on Schedule A hereto, which was seized pursuant to a federal search warrant executed at the defendant's residence in New York, New York on or about August 19, 2014 (hereinafter collectively referred to as the "Specific Property");

WHEREAS, in the plea agreement, the defendant further consented to the entry of orders of forfeiture as to the forfeitable property pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; to waive all interest in the forfeitable property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; and to waive the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2461(c)) and Federal Rule of Criminal Procedure 32.2(b)(6), the Government is now required to publish notice of the forfeiture and provide notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1.  Pursuant to 18 U.S.C. § 2428 and 28 U.S.C. § 2461(c), by virtue of the defendant's guilty plea to the charge in the Information, which is an offense in violation of 18 U.S.C. § 2422(b), and pursuant to the plea agreement and Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, all of the defendant's right, title, and interest in the following Specific Property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(1) (as incorporated by 28 U.S.C. § 2461(c)): all of the defendant's right, title and interest in the property listed on Schedule A hereto, which was seized pursuant to a federal search warrant executed at the defendant's residence in New York, New York on or about August 19, 2014 (hereinafter referred to collectively as the "Specific Property").

-3-

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Gabriel Toro, shall be made part of the sentence of defendant Gabriel Toro, and shall be included in the judgment of conviction therewith.

3.      The U.S. Department of Homeland Security shall maintain custody of the Specific Property and hold such property in its secure custody and control pending entry of a final order of forfeiture.

4.      Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov.  The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5.      The notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.  See Fed R. Crim. P. 23.2(b)(6); 21 U.S.C. § 853(n)(2), (3).

6.      Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days

from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7.  Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), in which all interests will be addressed.

8.  This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 17th day of March, 2015.

_____
HONORABLE WILLIAM J. MARTINI
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____          Dated: 3/13/15
By:  DANIELLE ALFONZO WALSMAN
     BARBARA A. WARD
Assistant United States Attorneys

_____          Dated: 3/17/15
JAMES S. FRIEDMAN, ESQ.
Attorney for Defendant Gabriel Toro

_____          Dated: 3/17/15
GABRIEL TORO, Defendant

-4-

<u>Plea Agreement with GABRIEL TORO</u>

<u>Schedule A</u>

1. Compaq CQ60-615DX laptop with adapter, bearing serial number 2CE0123LR6 and containing a Toshiba 250GB Hard Drive bearing serial number 30JIT2D8T

2. Toshiba Satellite C850 laptop with adapter, bearing serial number YC288460Q and containing a Toshiba 640GB Hard Drive bearing serial number 92M9F0PLS

3. Dell PP18L laptop with adapter, bearing serial number 6JWYXH1 and containing a Seagate 320GB Hard Drive bearing serial number VKKK6KHJ

4. HP Pavilion DV6700 laptop with adapter, bearing serial number CNF8374BZD and containing a Toshiba 250 GB Hard Drive bearing serial number 981BE0MJJ

5. 500 GB PNY Attaché Thumb drive

6. 2GB Thumb drive with black rubber cover

7. Samsung Verizon cellular phone Model SCH-A870

8. Samsung T-Mobile cellular phone Model SGH-T139, bearing serial number R21D40FJVSk

9. LG Verizon cellular phone Model LG-VX5600, bearing serial number 105CYKJ3121829

10. Nokia T-Mobile cellular phone Model 1661-2b, bearing IMEI 01249/00/081297/3

11. iOmega 250 GB External Hard Drive bearing serial number 152D2032900

12. Canon Camera Model A3100 IS containing a 1GB SD card

13. Apple iPod Nano with USB cable

14. SanDisk Compaq 256MB flash card

15. USB Cord